[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 5, 2007
THOMAS K. KAHN
CLERK

No. 06-14505

BIA Nos. A97-631-760 & A97-631-761

ERROL PHILEMON TUCKER,
COLLETTE ELIZABETH TUCKER,
TONI J. TUCKER,

                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

Petition for Review of a Decision of the
Board of Immigration Appeals

**(September 5, 2007)**

Before DUBINA and MARCUS, Circuit Judges, and PROCTOR,* District Judge.

PER CURIAM:

_____
*Honorable R. David Proctor, United States Judge for the Northern District of Alabama, sitting by designation.

Errol Tucker ("Mr. Tucker"), his wife, Collette Tucker ("Mrs. Tucker"), and their daughter, Toni-Jhay Tucker ("Toni") (collectively "Petitioners"), through counsel, seek review of the Board of Immigration Appeal's ("BIA") decision, adopting and affirming the Immigration Judge's ("IJ") order denying cancellation of removal pursuant to the Immigration and Naturalization Act ("INA") § 240A(b), 8 U.S.C. § 1229b(b)(1). In their petition, Petitioners argue that the IJ erred in determining that Mrs. Tucker and Toni did not establish the requisite ten years of continuous physical presence in the United States necessary to demonstrate their eligibility for cancellation of removal. Also, Petitioners argue that the IJ violated their due process rights by failing to act as an impartial and neutral fact-finder because she focused on the fact that Petitioners had a history of unauthorized employment in the United States.

## BACKGROUND

Mr. Tucker, Mrs. Tucker and Toni, citizens of Jamaica, each received a notice to appear, informing them that they were subject to removal from the United States and ordering them to appear in removal hearings before an IJ. In their hearing, the IJ first determined that Mrs. Tucker and Toni were ineligible for cancellation of removal because they had been absent from the United States for approximately 348 days during the ten years prior to the service of their notice to

2

appear, in excess of the statutory limitation of 180 days. Thus, the IJ did not hear the application for cancellation of removal as to Mrs. Tucker and Toni. The IJ determined that only Mr. Tucker was eligible to be heard on his application for cancellation of removal. Nevertheless, the IJ determined that Mr. Tucker did not meet the burden of proof for cancellation of removal because he did not establish that his removal would result in exceptional and extremely unusual hardship for Toni and his two United States citizen children.

In their appeal to the BIA, Petitioners argued that the IJ had not properly balanced the equities involved with Mr. Tucker's application for cancellation of removal. They argued that the IJ had given "undue weight" to the "negative factor" that Mr. and Mrs. Tucker had been employed without authorization from the United States government, so that the immigration judge "failed to fairly weigh all the factors and make a balancing of the cumulative facts presented." They also argued that the IJ had improperly pretermitted the applications of Mrs. Tucker and Toni because the 180-day absence limitation was not applicable because Mrs. Tucker and Toni had been absent for "good cause." The BIA confirmed the decision of the IJ without opinion.

## STANDARD OF REVIEW

When "the BIA summarily affirms the IJ's decision without an opinion, such as here, the IJ's decision becomes the final removal order subject to review." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254 (11th Cir. 2006) (per curiam). To the extent that the BIA's decision was based on a legal determination, our review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001).

## DISCUSSION

### A. Continuous Physical Presence

Petitioners argue that, by determining that Mrs. Tucker and Toni had "a break in continuous presence," the IJ erroneously interpreted the requirement that an alien seeking cancellation of removal have "continuous physical presence" in the United States for at least ten years. They argue that: (1) Mrs. Tucker continually resided in the United States, not Jamaica, and only returned to Jamaica periodically to finish her education; and (2) Toni was absent only because she was an infant during that time and had to remain with Mrs. Tucker.

The INA allows a nonpermanent alien in removal proceedings to apply for cancellation of removal if the alien "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application." INA § 240A(b)(1)(A), 8 U.S.C. § 1229b(b)(1)(A). The INA clarifies that an alien "shall be considered to have failed to maintain

4

continuous physical presence in the United States . . . for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." *Id.* § 1229b(d)(2). The only exception to the 90/180 day limits provided in the statute is when an alien is absent in connection with being battered or subjected to extreme cruelty by a parent or spouse, those absences do not count toward the 90/180 day limits. *Id.* § 1229b(b)(2). While the INA once provided that "brief, casual, and innocent" departures were not breaks in continuous presence, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which revised that definition, did not include that language. *See* 8 U.S.C. § 1254(b)(2) (repealed 1996); INA § 240A(d)(2), 8 U.S.C. § 1229b(d)(2); *see also Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1331-32 (11th Cir. 2003) (citing the previous definition of a "continuous physical presence").

Because the statutory language is clear, the IJ correctly determined that an alien's intent to reside in the United States, while absent from the country, is irrelevant in determining whether an alien meets the "continuous physical presence" requirement. Accordingly, we deny the petition for review as to this issue.

**B. <u>Due Process</u>**

We do not have jurisdiction to hear Petitioners' claim that the IJ violated their due process rights by failing to act as an impartial and neutral fact finder, because Petitioners have not administratively exhausted this claim before the BIA. Generally, we lack jurisdiction to consider a claim for review unless the petitioner has exhausted his administrative remedies with respect to that claim. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (per curiam). We have recognized that "[s]ome courts have indicated in dicta that . . . some due process claims do not require exhaustion, because the BIA does not have the power to adjudicate those claims. Nonetheless, [t]hose same courts . . . have held that where the claim is within the purview of the BIA which can provide a remedy, the exhaustion requirement applies with full force." *Amaya-Artunduaga*, 463 F.3d at 1251 (quotation marks and citations omitted) (alterations in original). In this case, just as in *Amaya-Artunduaga*, the "allegation of a due process violation – that [Petitioners were] denied a full and fair hearing before a neutral factfinder – is precisely the kind of procedural error which requires exhaustion." *Id.* In their brief to the BIA, petitioners argued only that the IJ gave undue weight to Mr. and Mrs. Tucker's illegal work history when balancing Mr. Tucker's equities to determine eligibility for relief under

6

cancellation of removal.  Accordingly, we do not have jurisdiction over Petitioner's due process claim.

Furthermore, to the extent Petitioners are requesting that we review the discretionary determination of the IJ that they had not proven "exceptional and extremely unusual hardship," INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D), we do not have jurisdiction to review that determination.  *See id.* § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b . . . of this title.").

Accordingly, we dismiss the petition for review as to this issue.

**PETITION DISMISSED IN PART AND DENIED IN PART.**